No. 7508.

MENCH v. CARTER.

REAL ESTATE.—*Purchase–Money.*—*Payment with Money to be Borrowed.*— *Pleading.*—*Complaint.*—*Demurrer.*—Where C. agreed with M., December 26th, 1877, to pay him or his creditors the purchase-money of land "as soon as the money can be procured by making a loan on said C.'s land," the complaint of M., alleging his tender of a deed April 19th, 1878, the failure of C. to pay, and that it was possible for him to have obtained a loan, through loan agents named, by mortgaging his real estate, and agreeing to pay ten per cent. interest, is sufficient on demurrer to put C. on his defence.

SAME.—*Reasonable Time.*—In such case, the plaintiff gave the defendant a reasonable time before tendering his deed.

SAME.—*Query.*—Did not the defendant unconditionally bind himself to procure a loan within a reasonable time?

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge, M. Bell* and *M. McDowell,* for appellant.

*J. F. Elliott, —— Kirkpatrick, N. R. Linsday* and *T. A. DeLand,* for appellee.

NIBLACK, J.—Action by Samuel W. Mench against Nathan W. Carter upon the following written agreement:

"KOKOMO, INDIANA, Dec. 26th, 1877.

"Article of agreement entered into this day by and between Samuel W. Mench, party of the first part, and Nathan W. Carter, party of the second part:

"Whereas the said Samuel W. Mench has this day sold to the said Nathan W. Carter the following described real estate, in Howard county, Indiana, to wit: Being a part of the north half of the northeast quarter of section 8, in township 24 north, and range No. 4 east, more particularly described as follows: Commencing at the northwest corner of the northeast quarter of section 8, thence east 148½ rods, thence north 80 rods, thence west 148½ rods, thence north 80 rods, to place of beginning, containing 74½ acres, more or less.

"Now, the said Nathan W. Carter agrees to pay the said Samuel W. Mench, or his creditors, the sum of twenty-seven

hundred and sixty dollars as soon as the money can be procured by making a loan on said Carter's lands. It is further agreed by the parties hereto, that in case the liens or incumbrances against said land shall exceed twenty-seven hundred and sixty dollars, and the said Samuel W. Mench fails to reduce by payment or otherwise the liens down to that amount, then, and in that event, this agreement shall be null and void.

"The said Mench further agrees to give possession of the above described land to the said Nathan W. Carter, on the 25th day of December, 1878, the said land having been rented to William A. Wise for the coming year; and said Carter is to have the privilege of sowing wheat on said land in the fall of 1878.　　　SAMUEL W. MENCH.

"NATHAN W. CARTER."

The complaint averred that on the 19th day of April, 1878, the liens and incumbrances of every kind against said tract of land were, and ever since have been, less than the sum of $2,760; that on that day the plaintiff caused a warranty deed, properly executed and acknowledged by him, to be tendered to the defendant, conveying to him, the defendant, a full, true and complete title to said land, but that the defendant refused, and had ever since continued to refuse, to accept said deed; that the defendant had not paid either to the plaintiff, or his creditors, said sum of $2,760, or any part thereof; that the defendant was, at the time of the execution of the agreement sued on, and had since continued to be, the owner of several tracts of land, describing them, amounting in the aggregate to 171½ acres, and of the value of $45 per acre; that at the time of the execution of said agreement, as above stated, it was, and had since continued to be, possible for the defendant to obtain a loan from various sources by means of, and through the agency of, persons acting in the city of Kokomo on behalf of various companies, and especially through the agency of a firm known by the name and

style of Moreland & Johnson, by mortgaging his real estate, and by agreeing to pay interest at the rate of ten per cent. per annum ; that, although it was thus possible for the defendant to obtain money and to comply with his agreement, he had refused, and still continued to refuse, to do so. The plaintiff brought the deed, tendered to the defendant, into court, with a demand for judgment and for general relief.

The defendant demurred to the complaint, for want of sufficient facts, and his demurrer was sustained. The plaintiff failing to plead further, final judgment was rendered upon demurrer. The plaintiff appeals, and, arguing in support of the sufficiency of his complaint, contends that the decision of the court, upon the demurrer, was erroneous.

The objection urged to the complaint is, that the averment that it was possible for the defendant to have obtained a loan, with interest, at the rate of ten per cent. per annum, by mortgaging his lands, was not sufficient to put him in default for not procuring a loan on his lands ; that, to thus place him in default, it was necessary to aver, in effect, that the defendant might have procured a loan by a reasonable effort, and upon fair terms. In our opinion, this objection can not be sustained. The averment to which the objection is urged, as we construe it, amounts to an allegation that the defendant might have procured a loan on his lands, at ten per cent. interest, which was, at the time, a lawful rate of interest. This was, we think, sufficient to put the defendant upon his defence. The complaint shows that the plaintiff gave the defendant a reasonable time in which to procure a loan before tendering him a deed.

*Quære,* whether the defendant did not unconditionally bind himself to procure a loan within a reasonable time?

The complaint appears to us to have been sufficient upon demurrer.

The judgment is reversed, with costs, and the cause remanded for further proceedings.